H. CHARLES GAUDIN, Judge Pro Tem.
Appellant is Lee Scott, Jr., asking for an increase in damages awarded to him as a result of a two-vehicular collision on March 11, 1969.
Scott was driving his 1968 Pontiac sedan on South Peters Street in New Orleans when a forklift, with its blades in an overhead position, drove between two parked trucks and into the right side of Scott’s automobile.
At the time of the accident, Scott was going approximately fifteen miles per hour and the forklift slower.
Liability is not at issue, only quantum. The Trial Court awarded ■ $490.00, including:
$200.00, for pain, suffering and disability;
*140 $200.00, for medical expenses;
$50.00, for property damage (deductible amount); and
$40.00, for X-Rays.
It is well settled that the award of a Trial Judge should not be disturbed unless manifestly erroneous, particularly when it is based wholly or in part on personal observations of witnesses.
To say that the Trial Court was not impressed with Scott’s veracity is an understatement.
From the Reasons for Judgment:
“The Court believes that the plaintiff was intentionally misleading the doctors to whom he reported his symptoms and has therefore failed to prove the length of his disability.”
Scott, a longshoreman, worked on March 11th following the accident.
He consulted Dr. Ambrose J. Pratt, a general practitioner, the next day.
Dr. Pratt found minor symptoms and Scott returned to his employment on March 13th. He worked until March 17th when he was involved in an incident in the hole of a ship. Scott lost his footing and fell, and was struck in the back by a rolling oil drum.
Right after the March 17th accident, Scott returned to Dr. Pratt but did not tell him about his fall in the ship.' From his testimony, Dr. Pratt assumed that Scott was still suffering from the automobile accident.
Scott was treated by Drs. J. Brown LaRose and George Berkett for the • ship accident. Just as he did not tell Dr. Pratt about the second accident, Scott told neither Dr. LaRose nor Dr. Berkett about the first incident.
At the trial, both Scott’s attorney and defense counsel tried, in their questioning of the various witnesses, to distinguish the medical symptoms of the first accident, if any, the medical symptoms of the second accident. Try as they might, they had limited success; and, as aforesaid, the Trial Judge concluded that Scott intentionally misled the physicians and that he did not establish, with legal certainty, any disability as a result of the sued-on automobile accident.
The length of a petitioner’s disability, like any other element of a case, must be proven by a preponderance of the evidence. When a plaintiff intentionally misleads treating doctors, he does so at his peril.
There is ample indication in the record to substantiate both Scott’s elusiveness and the Trial Judge’s determinations.
Affirmed.